**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

MELVIN SMITH, JR.                                                                                              PETITIONER
ADC #82282

v.                                                            5:11-cv-00052-JJV

RAY HOBBS, Director,                                                                                          RESPONDENT
Arkansas Department of Correction

**ORDER**

Mr. Smith brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Petition) (Doc. No. 1) and sets forth two grounds for relief.  First, he argues he was denied due process during his disciplinary hearing which resulted in the loss of good-time credits.  Second, he challenges the constitutionality of Arkansas's executive clemency law and procedure.

**I.     BACKGROUND**

On January 11, 2010, Ronald Vilches of ADC Internal Affairs Division received information that Mr. Smith planned to escape the Maximum Security Unit. (Doc. No. 6, Ex. 2.)  Specifically, Smith had a Blackberry cell phone with GPS system that would help him escape out of state. (*Id*.)

Mr. Vilches began an investigation and found that Smith had given his inmate phone system PIN to another inmate who had made telephone calls to Smith's sister. (*Id*.)  Mr. Vilches interviewed Mr. Smith on January 12, 2010. (*Id*.)  He admitted he had used an unauthorized cell phone but stated that it was not his (*Id*.), and he refused to identify the owner. (*Id*.)  He also admitted he had given his PIN to another inmate. (Doc. No. 6, Ex. 2.)  Given that Mr. Smith "admitted to the use of an unauthorized cell phone and providing Inmate Holmes with his PIN number" ADC chose not to use Computerized Voice Stress Analysis. (*Id*.)  Mr. Vilches gave this information to Major Williams for disciplinary action. (*Id*.)

1

On February 1, 2010, Major Williams wrote a major disciplinary report charging Mr. Smith with four code violations: (1) Code 2-1: Aiding or abetting in the commission of any rule violation; (2) Code 2-5: Unauthorized use of mail or telephone to include passing unauthorized messages; (3) Code 9-11: Possession/introduction of unauthorized electronic device(s) including cell phone, messaging device, flash drive, MP-3 player, iPod, DVD player, etc.; possession/introduction/use of cell phone may result in the loss of all good time; and (4) Code 12-1: Failure to obey verbal and/or written order of staff.  (Doc. No. 6, Ex. 1.)

A disciplinary hearing was held on February 8, 2010.  (Doc. No. 6, Ex. 3.)  The hearing officer asked Mr. Smith if he wanted to give a statement. Mr. Smith replied, "I did not have a [sic] interview with internal affairs on January 11, 2010."[1]  (*Id*.)  At the conclusion of the hearing, Mr. Smith was found guilty of all charges based on his admissions to Mr. Vilches.  (*Id*.)  As punishment, Mr. Smith lost 1,039 days of good-time credit; received reduction to class IV, and thirty days in punitive isolation.  (*Id*.)

Mr. Smith filed an appeal to the Disciplinary Hearing Administrator (the Administrator) (Doc. No. 6, Ex. 4), who affirmed the hearing officer's decision on March 2, 2010.  The Administrator stated in his opinion: "From staff's investigation and Internal Affairs Division Findings, you did possess said cell phone, which is against rules and regulations."  (Doc. No. 6, Ex. 4.)  Mr. Smith then appealed to the Interim Director of the ADC, who further denied his appeal.  (Doc. No. 6, Ex. 5.)  The Interim Director stated, "After reviewing your appeal, I find no due process

---

[1] Mr. Smith's due process argument centers around a likely typo in the Major Disciplinary Report.  Mr. Vilches' Memo to Ray Hobbs states that he interviewed Mr. Smith on January 12, 2010. (Doc. No. 6, Ex. 2.)  However, in Major Williams's Major Disciplinary Report, Major Williams states: "[o]n February 1st, I received a fax from Mr. R. Vilches on IAD it contain [sic] information from an interview that was conducted on Inmate M. Smith on January 11, 2010 at this Unit."  (Doc. No. 6, Ex. 1.)

violations that would warrant modification or reversal of the disciplinary hearing officer's decision." (*Id.*)

## II.  DISCUSSION

A state inmate must first "fairly present" his or her federal habeas claims to the appropriate state courts before filing a habeas petition pursuant to 28 U.S.C. § 2254. *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)). Notably, fair presentment allows the respective "state the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Murphy*, 652 F.3d at 849 (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)); *see also Picard v. Connor,* 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy, 'for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.' " (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950))); *Lenza v. Wyrick*, 665 F.2d 804, 807-08 (8th Cir. 1981). Ultimately, " '[i]f a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted.' " *Murphy*, 652 F.3d at 849 (quoting *Barrett v. Acevedo*, 169 F.3d 1155, 1161 (8th Cir. 1999)).

A state inmate may also default his or her federal habeas claims by "violating a state procedural rule that independently and adequately bars direct review of the claim by the United States Supreme Court." *Murphy*, 652 F.3d at 849 (citing *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991)); *see also Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011). In all such circumstances, "federal habeas review of [defaulted] claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.' " *See Murphy*, 652 F.3d at 849 (quoting *Coleman*, 501 U.S. at 750).

In this case, Mr. Smith procedurally defaulted his due process claim by violating a state procedural rule and by failing to exhaust his administrative remedies. The record indicates that Mr. Smith raised the due process claim he presently asserts in Jefferson County Circuit Court on May 24, 2010. (Doc. No. 12.) On October 1, 2010, the Jefferson County Circuit Court dismissed Mr. Smith's pleading with prejudice; Mr. Smith, however, did not appeal. (Doc. No. 12.) As a result, pursuant to Rule 2 of the Arkansas Rules of Appellate Procedure, Mr. Smith defaulted his due process claim by failing to make a timely appeal. Mr. Smith has neither alleged cause to excuse this default nor that a miscarriage of justice would result if this Court declined to proceed on the merits. Additionally, given that Mr. Smith failed to appeal the circuit court's order, there are still state remedies that Mr. Smith has failed to exhaust. Therefore, this Court finds that review of Mr. Smith's due process claim is barred.

Mr. Smith's failure to exhaust his due process claim also holds negative implications for the success of his second claim. As the Supreme Court of the United States and the United States Court of Appeals for the Eighth Circuit have both held, a "mixed petition," one that contains both exhausted and unexhausted claims, should be dismissed in its entirety without prejudice so that "the petitioner [has] the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *White v. Dingle*, 616 F.3d 844, 846 (8th Cir. 2010) (quoting *Rose v. Lundy*, 455 U.S. 509, 510 (1982)). Ultimately, courts reviewing a mixed petition waive the exhaustion requirement only "in rare cases where exceptional circumstances of peculiar urgency are shown to exist." *Rose*, 455 U.S. at 515-16.

The Petition at bar is a mixed petition. Mr. Smith previously exhausted his clemency claim, *see Smith v. Huckabee*, No. 06-917, 2007 WL 701045 (2007); however, Mr. Smith has not exhausted his due process claim. Because he has not shown exceptional circumstances to justify waiver of the

4

exhaustion requirement, this Court finds that both claims should be dismissed without prejudice.[2] As indicated above, dismissal without prejudice affords Mr. Smith the option to exhaust his state remedies on the due process claim or reformulate his habeas petition to include only exhausted claims.

### III. CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. Mr. Smith's Petition (Doc. No. 1) is DISMISSED without prejudice and the requested relief is DENIED at this time.

IT IS SO ORDERED this 10th day of November, 2011.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] This Court is aware that the Supreme Court of the United States handed down its decision in *Rose v. Lundy*, 455 U.S. 509 (1982), before the AEDPA's one-year statute of limitations had been established, and that the Supreme Court may not have necessarily considered the implications that a post-AEDPA dismissal of a mixed petition might hold for a petitioner and his or her ability to subsequently obtain federal habeas review. *White v. Dingle*, 616 F.3d 844, 846 (8th Cir. 2010). In this case, however, such implications are not a concern as Mr. Smith's claim regarding the constitutionality of Arkansas's clemency procedures is time-barred. The Court finds that the triggering date in this case was "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is well established that if a state prisoner seeks review of the state's highest court, but fails to file a petition for certiorari to the Supreme Court of the United States, the state court judgement becomes final ninety days after the state's highest court denies relief or review. *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir. 2002). On March 8, 2007, the Supreme Court of Arkansas denied Mr. Smith's claim challenging the governor's discretion under Act 93 of 1977(B)(1) to grant clemency. Thus, the court's judgment became final on June 6, 2007, ninety days after the court denied Mr. Smith relief. Mr. Smith had one year, or until June 7, 2008, to raise his clemency claim in a federal habeas petition. He did not do so, however. In fact, Mr. Smith did not file the instant petition until March 4, 2011. Additionally, even if Mr. Smith's clemency claim was timely, this Court would not likely consider the merits of this claim as the Arkansas Supreme Court's decision rested on an independent and adequate state ground. *See generally Dist. Attorney's Office for the Third Judicial Dist. v. Osborne*, 129 S.Ct. 2308 (2009); *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458 (1981).